```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA

                                  )
MARK KOCSIS,                      )
             Petitioner,          )   Civil Action No. 05-1096
                                  )   Judge Joy Flowers Conti
        vs.                       )   Magistrate Judge Lenihan
                                  )
COMMONWEALTH OF PENNSYLVANIA,     )
             Respondent.          )
                                  )
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

#### I.   RECOMMENDATION

For the reasons set forth below, it is respectfully recommended that the petition for writ of habeas corpus be dismissed.

#### II.   REPORT

Mark Kocsis is a state prisoner confined at the State Correctional Institution at Albion located in Waynesburg, Pennsylvania.  He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking, not to challenge the validity of his conviction and or sentence, but merely to challenge a requirement imposed by the Pennsylvania Board of Probation and Parole (the Board) that he participate in a Sex Offender Treatment Program (SOP).  Because this type of a challenge is not cognizable in a section 2254 petition, the District Court should dismiss the Section 2254 petition.

The purpose of the writ of habeas corpus is to test the legality of a prisoner's detention. Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurray, 449 U.S. 90 (1980) (the unique

purpose of habeas corpus is to release the petitioner from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriquez, 411 U.S. 475, 484-85 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).  The remedy is to free an inmate from unlawful custody.  Preiser, 411 U.S. at 475; Georgevich v. Strauss, 772 F.2d 1078 (3d Cir. 1985), *cert. denied*, 475 U.S. 1028 (1986).  If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy. Preiser, 411 U.S. at 499.

Where a petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his custody, the district court lacks the power or subject matter jurisdiction to issue a writ.  Kruger v. Erickson, 77 F.3d 1071 (8th Cir. 1996) (district court should have dismissed petition for lack of subject matter jurisdiction where petition did not make any colorable allegation that underlying conviction was invalid or that prisoner was otherwise being denied his freedom from unlawful incarceration); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (in a case where a federal prisoner sought to challenge the conditions of confinement by, inter alia, a petition for writ of habeas corpus, the court rejected the

attempt, stating that "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.").

Accordingly, the petition should be dismissed for failing to raise a claim cognizable in a habeas corpus proceeding.

### III.  CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the Petition for Writ of Habeas Corpus be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                                s/Lisa Pupo Lenihan  
                                                LISA PUPO LENIHAN  
                                                United States Magistrate Judge

Dated:    March 7, 2006

cc:       The Honorable Joy Conti Flowers
          United States District Judge

          Mark Kocsis, FT 0530
          SCI Albion
          10745 Route 18
          Albion, PA 16475-0004

          Judith P. Petrush
          Assistant District Attorney
          2 North Main Street
          Greensburg, PA 15601